CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LAWRENCE T. BAZEMORE,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00188<br>) |
| v. | ) **OPINION**<br>) |
| **VIRGINIA DEPARTMENT OF CORR.,** | ) J‍UDGE J‍AMES P. J‍ONES<br>) |
| Defendant. | )<br>) |

*Lawrence T. Bazemore, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed a civil rights complaint, pursuant to 42 U.S.C. §1983, alleging that a prison nurse violated his rights under a federal statute about privacy in one's medical records. After review of the record, I conclude that the case must be summarily dismissed for failure to state a claim actionable under § 1983.

Bazemore's claim is based on an undated incident at Red Onion State Prison. He alleges that "The nurse yelled out loud that I was missing my H.I.V. meds to the floor officer for a unit of over 22 other inmates [in] violation of my HIPPA rights." Compl. 2, ECF No. 1. He reports that after an investigation, prison officials "upheld" his grievance about the incident, "based off the facts." *Id.* As relief, he seeks monetary compensation from the Virginia Department of Corrections (VDOC).

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Bazemore is apparently raising his claim under the Health Insurance Portability and Accountability Act (HIPPA). HIPAA provides that "[a] person who knowingly . . . discloses individually identifiable health information to another person" without authorization shall be fined, imprisoned, or both. 42 U.S.C. § 1320d-6(a)(3), (b). Even if the unnamed nurse in this case violated this provision, a plaintiff seeking a remedy under § 1983 "must assert the violation of a federal *right*, not merely a violation of federal law." *Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 696 (4th Cir. 2019) (citation omitted). Thus, for Bazemore to recover under HIPAA, the statute must create a private right to sue that may be enforced under § 1983. It is well established that HIPAA created no private right of action. *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021). With no private right of action

to assert under HIPAA, Bazemore has no legal basis on which to sue under § 1983 about an alleged violation of that statute. *Id.*

Furthermore, the only defendant Bazemore identifies is the VDOC itself. Because the VDOC is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

For the stated reasons, Bazemore has failed to provide any legal basis for his claims under HIPAA or § 1983. Therefore, I will summarily dismiss the case, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

Judgment will issue herewith.

DATED: May 30, 2025

/s/ JAMES P. JONES
Senior United States District Judge